IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, ) | No. C 00-2643 MMC (PR) |
| ) Plaintiff, ) | **ORDER ADDRESSING PLAINTIFF'S CONTENTIONS REGARDING SECOND AMENDED COMPLAINT; DIRECTIONS TO CLERK** |
| v. ) | |
| ) SHERIFF DON HORSLEY, et al., ) | |
| ) Defendants. ) | |
| _____ ) | |

On July 25, 2000, plaintiff, a California prisoner then incarcerated at the San Mateo County Jail ("SMCJ"), and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On November 15, 2000, the Court dismissed the complaint, entered judgment against plaintiff, and closed the action. Now pending before the Court is plaintiff's request for an update as to the status of the second amended complaint ("SAC") he filed in the instant action on September 25, 2001. Plaintiff also has submitted a letter of complaint to Chief Judge Vaughn Walker and a Complaint of Judicial Misconduct to the Ninth Circuit[1] concerning this Court's alleged failure to rule on the SAC. For the reasons discussed below, the Court finds no further action is required by the Court with respect to the SAC.

## BACKGROUND

As noted, on July 25, 2000, plaintiff filed a complaint in the instant action. He alleged

---

[1] See Complaint of Judicial Misconduct No. 10-90134.

that SMCJ prison officials were interfering with his practice of religion, had placed him in administrative segregation, and were interfering with his legal mail.  Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court, by order dated August 17, 2000, (1) dismissed without prejudice plaintiff's First Amendment religious practice claims due to plaintiff's failure to exhaust administrative remedies prior to filing suit, and informed plaintiff he could refile the claim after administrative remedies were exhausted; (2) dismissed with prejudice plaintiff's claim that SMCJ officials were interfering with plaintiff's right to receive religious meals, on the ground such allegations failed to rise to the level of a constitutional violation and were not amenable to amendment to cure such pleading deficiency; (3) dismissed with leave to amend plaintiff's claims that his mail was being intercepted and that he had been placed in administrative segregation in June 2000 without due process, on the ground plaintiff had failed to allege sufficient facts to determine whether cognizable claims for relief were stated.  (Docket No. 5.)

       Plaintiff timely filed an amended complaint ("AC").  Upon review of the AC, the Court, by order dated November 15, 2000, found (1) plaintiff's mail interference claim was subject to dismissal without further leave to amend because plaintiff had failed to comply with the Court's order to allege facts that stated a cognizable claim for relief; and (2) plaintiff's claim of unlawful placement in administrative segregation was subject to dismissal due to plaintiff's failure to exhaust administrative remedies with respect to such claim.  The latter claim was dismissed "without prejudice to refiling after plaintiff ha[d] exhausted his administrative remedies."  (Docket No. 8 at 3:22-24.)  The order directed the Clerk of the Court to close the case, and judgment was entered that same date.  (Docket Nos. 8 & 9.)

       Plaintiff did not communicate with the Court for the next ten months.  On September 25, 2001, however, plaintiff, who by then was incarcerated at Salinas Valley State Prison ("SVSP"), filed another amended complaint bearing the instant case number, the above-referenced SAC, in which he reasserted his claim of unlawful placement in administrative segregation in June 2000 while at SMCJ, and alleged the exhaustion of administrative

2

1 remedies with respect thereto.  Additionally, he sought leave to proceed in forma pauperis
2 and appointment of counsel.

3      On October 2, 2001, the Court issued an order addressing the SAC, ruling as follows:

> Plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against several San Mateo County officials and employees of San Mateo County Jail.  Plaintiff's original complaint was dismissed with leave to amend his claims concerning alleged interference with his legal mail and improper placement in administrative segregation.  Plaintiff filed an amended complaint, which the Court reviewed under 28 U.S.C. § 1915A(a).  On November 15, 2000, the Court dismissed the mail claims because, as amended, those claims were not cognizable; and dismissed the remaining administrative segregation claims without prejudice to plaintiff's raising those claims in a new action after he had exhausted his administrative remedies.  No further leave to amend was granted.  The case was closed and judgment was entered against plaintiff.  Nevertheless, on September 25, 2001, plaintiff filed an amended complaint.
>
> As leave to amend was not granted and this case has been closed for over ten months, leave to file this amended complaint is DENIED [footnote omitted] and said complaint is ordered STRICKEN. As this action is closed and there are no pending matters, plaintiff's motion for appointment of counsel is DENIED and his request to proceed in forma pauperis is DENIED.

(Docket No. 13.)

     Additionally, the order expressly informed plaintiff: "To the extent plaintiff wishes to raise claims that were dismissed without prejudice, he must do so in a new complaint in a new action, not in an amended complaint in the instant action."  (Id. at n.1.)

     The order, however, mistakenly was mailed to plaintiff's old address at SMCJ, rather than to his SVSP address.  Consequently, approximately one week later, on October 11, 2001, the order was returned to the court as undeliverable because plaintiff no longer was confined at SMCJ.

     Thereafter, plaintiff sent letters to the court in November 2001, January 2002, June 2007 and September 2007, asking about the status of the SAC.  The court file does not indicate whether any response was sent to plaintiff in regard to his inquiries.

     On January 1, 2008, plaintiff filed a new civil rights action, in which he alleged that in June 2000 SMCJ officials unlawfully used excessive force against him and placed him in administrative segregation.  The Court, by order filed August 28, 2008, dismissed the claims with prejudice as time-barred.  (See Chatman v. County of San Mateo, et al., No. C 08-0050

MMC (PR), Docket No. 6.)

Plaintiff appealed the dismissal. The Ninth Circuit, when requesting the court file on appeal, also requested the court file in the instant action. Thereafter, the Ninth Circuit, by way of a memorandum disposition filed December 16, 2009, ruled as follows:

> Charles James Chatman, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915A on statute of limitations grounds. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Jones v. Blanas, 393 F.3d 918, 926 (9th Cir. 2004), and we affirm.
>
> The district court properly dismissed Chatman's claims because they are time-barred. See id. at 927 (explaining that the applicable statute of limitations for § 1983 claims is the forum state's statute of limitations for personal injury claims, and setting forth California's statute of limitations); Johnson v. California, 207 F.3d 650, 654 (9th Cir. 2000) (stating that, under California law, the limitations period is tolled for two years for prisoners serving less than a life sentence). **Chatman's contention that the action is not time-barred because he submitted an amended complaint raising the same claims in a prior action is unpersuasive**.

(See No. C 08-0050, Docket No. 17.) (Emphasis added.)

## DISCUSSION

As noted, plaintiff maintains that the Court erred in the instant matter by failing to rule on the SAC. Plaintiff's contention is without merit.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). When the only viable claims in a prisoner complaint are unexhausted at the time the prisoner files suit, the action must be dismissed, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

As set forth above, the instant action was dismissed on November 15, 2000, due to plaintiff's failure to exhaust administrative remedies. In the order of dismissal, plaintiff was informed that the dismissal was "without prejudice to refiling after plaintiff ha[d] exhausted his administrative remedies." (Docket No. 8 at 3:22-24.) Although plaintiff was not expressly informed by the order that under such circumstances he must file a new action

4

1 rather than resubmit his exhausted claim in the instant action, the order did not direct plaintiff
2 to file an amended complaint (as contrasted with the Court's initial order of dismissal with
3 leave to amend), the case was ordered closed, and judgment was entered that same date.
4 Consequently, plaintiff was put on notice that the instant action was closed and no longer
5 pending.

6 Additionally, it was not reasonable for plaintiff to continue to infer for the next several
7 years that the SAC was still pending. Even though, as noted, plaintiff did not receive the
8 Court's order denying him leave to file the SAC and it is not clear from the court file whether
9 a response was sent to plaintiff with respect to his subsequent queries about the status of the
10 SAC, by the time plaintiff communicated with the court about the instant case in June 2007,
11 more than five years after plaintiff had filed the SAC, it was not reasonable for plaintiff to
12 think that the instant action was still pending.[2] This is particularly so in view of the fact that
13 in the period between plaintiff's filing of the SAC on September 25, 2001 and his June 2007
14 query, four other actions filed by plaintiff had been reviewed, and all but one resolved, by the
15 Court.[3] Consequently, it should have been clear to plaintiff that because judgment was
16 entered in the instant case on November 15, 2000, and he had not received notice of any
17 further activity in the matter since that time, the instant action had been closed and the SAC
18 was no longer pending before the Court.

19 Further, the Ninth Circuit, in affirming this Court's order dismissing as time-barred
20 plaintiff's 2008 action in which he reasserted his claim of unlawful placement in
21 administrative segregation at SMCJ in June 2000, found unpersuasive plaintiff's argument
22 that the SAC filed in the instant action served to toll the statute of limitations with respect to

---

[2] Plaintiff's first two queries were sent to the court in November 2001 and January 2002, within several months of the SAC having been filed. Plaintiff, however, did not subsequently communicate with the court about the SAC until June 2007.

[3] See Chatman v. Adams, et al., No. C 01-3301 MMC (PR) (filed Aug. 29, 2001; closed Oct. 3, 2001); Chatman v. Early, No. 03-2820 MMC (PR) (filed June 16, 2003; closed March 27, 2009); Chatman v. Runnels, No. C 05-2944 MMC (PR) (filed July 19, 2005; closed May 9, 2006); Chatman v. Adams, No. C 07-2834 MMC (PR) (filed May 31, 2007; closed June 15, 2007).

5

such claim.

## CONCLUSION

Based on the above, the Court concludes there is no merit to plaintiff's contention that the Court erred by failing to rule on the SAC. Contrary to plaintiff's contention, the record shows that the Court did review the SAC and ordered it stricken, on the ground plaintiff was required to file a new action. Although, as noted, plaintiff did not receive that order, plaintiff did receive the Court's order of dismissal and entry of judgment in the instant case on November 15, 2000; those documents and the Court's rulings in plaintiff's subsequently-filed actions, were sufficient to alert plaintiff that the case had been closed and the SAC was no longer pending. Further, the Ninth Circuit has found no merit in plaintiff's contention that his filing of the SAC served to toll the statute of limitations with respect to his administrative segregation claim.

Accordingly, no further action will be taken by the Court with respect to the SAC.

The Clerk is hereby DIRECTED to send copies of this Order (1) to plaintiff at his current address[4] and (2) to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

DATED: September 17, 2010

_____
MAXINE M. CHESNEY
United States District Judge

---

[4] Plaintiff's current address, as set forth in his recent correspondence with the court, is:
Charles Chatman
#P99062
P.O. Box 3030
Susanville, CA 96127