IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, | No. C 00-2643 MMC (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| SHERIFF DON HORSLEY, et al., | |
| Defendants. | |

On July 25, 2000, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On November 15, 2000, the Court dismissed the complaint, entered judgment against plaintiff, and closed the case. In April 2010, plaintiff requested an update as to the status of a second amended complaint ("SAC") he had filed in the instant action on September 25, 2001. He also submitted a letter of complaint to Chief Judge Vaughn Walker and a Complaint of Judicial Misconduct to the Ninth Circuit concerning this Court's alleged failure to rule on the SAC. The Court, by order filed September 17, 2010, reviewed in detail the procedural history of the case and determined that no further action was required by the Court with respect to the SAC. (Docket No. 22.)

Plaintiff has now filed an "Opposition" to the Court's order, which filing the Court construes as a motion for reconsideration. (Docket No. 24.) In said motion, plaintiff argues

that the Court erred by not reopening the instant action and ruling on the SAC, or, alternatively, allowing plaintiff to file another complaint, such complaint to be assigned to a different judge.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court.  Id.

Here, plaintiff has not presented a basis for reconsideration of the Court's order under any of the above-stated reasons.  Accordingly, the motion is hereby DENIED.

Further, to clarify for plaintiff, although the Court determined that no further action would be taken in the instant case with respect to the SAC filed herein, at no time was plaintiff informed that he could not file another complaint.  Additionally, a determination at this time concerning the assignment of any new case plaintiff might file would be premature. Rather, if plaintiff chooses to file a new complaint, and if that new case is assigned to the undersigned, the matter of reassignment will need to be raised by plaintiff in that case at that time.

IT IS SO ORDERED.

DATED: October 21, 2010

_____
MAXINE M. CHESNEY
United States District Judge

2